■ DAVID PREMINGER, Plaintiff, v JAMAICA ESTATES HOLDING CORP., Appellant. MARK LABIB et al., Third-Party Plaintiffs-Respondents, v JAMAICA ESTATES HOLDING CORP. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [893 NYS2d 864]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 16, 2008, which, in an action for specific performance of a contract for the sale of real estate, granted the motion of plaintiff purchaser (Preminger) for summary judgment, directed that a closing be held within 60 days of the date of entry of the order, and denied the cross motion of defendant seller (Jamaica Estates) for summary judgment dismissing the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered on or about April 25, 2008, which granted the motion of intervening purchasers (the Labibs) for summary judgment on their claims against Jamaica Estates arising out of a subsequent contract for the sale of the same real estate to the extent of holding that they had a claim for damages, directing that defendant law firm release their escrow deposit, with interest, within 10 days, and further directing that the net proceeds from the closing between Jamaica Estates and Preminger be held in escrow pending further order of the court, unanimously affirmed, with costs.

Documentary evidence submitted by Preminger and the Labibs on their respective motions for summary judgment, including the contracts of sale, copies of negotiated down payment checks, letters from Jamaica Estates' attorney unilaterally terminating the contracts, letters from Preminger's and the Labibs' attorneys objecting to Jamaica Estates' termination notices and asserting their full rights under the contracts, prima facie established Jamaica Estates' breach of both contracts.

Contrary to Jamaica Estates' arguments, the contracts of sale did not grant it the right to unilaterally cancel if clouds on the title could not be removed within a reasonable time of the scheduled closing date. Rather, each contract gave the purchaser the option to accept less than free and clear title at the time of closing, and provided that the proceeds of the sale were to be used to satisfy any outstanding obligations against the property. We also reject Jamaica Estates' argument that Preminger's and the Labibs' motions both required an affidavit from an insurance company representative indicating that title would have been insurable had a closing taken place, where, in both instances, the proceeds of the sale would have been more than adequate to offset all of the obligations that Jamaica Estates claimed were encumbering the property. Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.